USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____2/17/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCHBISHOP E. BERNARD JORDAN,

                    Plaintiff,

        -against-

LARRY D. REID, et al.,

                    Defendants.

26-CV-01142 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    In this lawsuit, Plaintiff alleges that several Defendants recorded two phone calls with Plaintiff without Plaintiff's consent.  Plaintiff also alleges that these and other Defendants made highly defamatory statements about him in public forums.  Although these are serious allegations, none involve this district or the State of New York, and the Court therefore cannot ascertain why venue is proper in this district.

    Section 1391 provides that a civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or (3) "if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 US.C. § 1391(b).

    Plaintiff does not allege that any Defendant resides in the State of New York.  Moreover, none of the "events or omissions giving rise to the claim" seemingly occurred in New York.  During the first recorded call, on November 4, 2025, Plaintiff was in New Jersey, Defendant Edwards was in Illinois, and Defendant Reid was in the United Arab Emirates.  *See* Dkt. No. 1 ¶¶ 53, 60; *see also id.* ¶ 58 (describing the November 4, 2025 call as "the central event giving rise to civil and criminal liability").  During the second recorded call, Plaintiff was again in New Jersey and Defendant Blake was in Texas.  *See id.* ¶¶ 68–71.  Besides the recorded phone calls, Plaintiff alleges that multiple Defendants made defamatory comments about him.  But no Defendant resides in the State of New York or seemingly made any defamatory comments about Plaintiff within the State of New York, let alone inside this district.  *See, e.g., id.* ¶¶ 11, 77 (alleging that Defendant Augustus who resides in South Carolina published a video defaming Plaintiff).

    Because it does not appear that venue is proper in this district, it is hereby ORDERED that, on or before **February 20, 2026**, Plaintiff file a motion to transfer this action to another district or a letter explaining why venue is proper in this district.  If Plaintiff opts to file a letter, the letter should also specify a district in which Plaintiff believes venue would be proper besides the Southern District of New York.  If the Court does not receive the Court-ordered filing by

February 20, 2026, it will *sua sponte* transfer this case under 28 U.S.C. § 1404(a).  *See Tasciotti v. Trew*, No. 20-CV-06661 (NSR), 2021 WL 2456910, at *1–2 (S.D.N.Y. June 16, 2021) (explaining that a district court may *sua sponte* transfer a case if venue is improper); *MRP, LLC v. Barr, Inc.*, No. 11-CV-00896 (DAB), 2011 WL 13266913, at *1 (S.D.N.Y. Mar. 7, 2011) (same).

Dated: February 17, 2026
          New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2